J-S84023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONTEL HAWES | |
| Appellant | No. 216 EDA 2016 |

Appeal from the PCRA Order Dated January 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010090-2011

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 29, 2016**

Appellant Dontel Hawes appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 15, 2013, Appellant entered into a negotiated guilty plea to third degree murder.[1]  In accordance with the plea negotiations, Appellant was sentenced to 12½ to 30 years' incarceration, and his remaining charges were *nolle prossed*.  N.T., 1/15/13, at 18.

Appellant did not file post-sentence motions or a direct appeal.  On February 7, 2014, he filed a timely *pro se* PCRA petition that made no

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

mention of ineffective assistance of Appellant's trial counsel. On February 13, 2014, Appellant mailed a *pro se* Amended PCRA Petition, alleging for the first time that Appellant's trial counsel had been ineffective. **See** Amended Petition at 2-3. Appellant's Amended Petition was docketed on February 21, 2014. Appellant never requested permission from the PCRA court to supplement or amend his original request for post-conviction relief to include this ineffectiveness claim.

The PCRA court appointed counsel for Appellant's PCRA proceeding. PCRA counsel did not petition to supplement or amend Appellant's original PCRA petition. Ultimately, PCRA counsel filed a **Turner/Finley**[2] letter and motion to withdraw as counsel, averring that Appellant's PCRA petition had no merit and that there were no additional issues that could be raised in an amended PCRA petition.

On December 15, 2014, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to that notice. On January 14, 2015, the PCRA court granted counsel's motion to withdraw, and, on January 21, 2015, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely appeal to this Court on or about January 25, 2015, but the Court of Common Pleas' Clerk of Courts did not

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

record the notice of appeal on the docket. Order, 1/15/16; PCRA Court Opinion, 5/13/16, at 2. Appellant subsequently filed a PCRA petition asking the court to reinstate his appellate rights *nunc pro tunc*, and the court granted that petition on January 15, 2016. This timely *pro se* appeal followed. ***Id.***

On appeal, Appellant raises the following issues for our review:

I. [(A)] WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO INVESTIGATE AND EXPLORE THAT THE COMMONWEALTH VIOLATED BRADY V. MARYLAND, 373 U.S. 83 (1963) BY FAILING TO DISCLOSE INDEPENDENT OR CONSTRUCTIVE KNOWLEDGE OF THE INVESTIGATIONS SURROUNDING DETECTIVES DOVE AND PITTS, AND [(B)] WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO INVESTIGATE AND FORMALLY REQUEST ADDITIONAL D[I]SCOVERY WHERE SUCH WOULD HAVE CHANGED THE OUTCOME OF THIS CASE?

II. WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO RAISE [A CLAIM THAT] APPELLANT'S GUILTY PLEA WAS UNLAWFULLY INDUCED WHERE THE CIRCUMSTANCES OF THIS CASE RENDERED THE PLEA NOT INTELLIGENTLY OR VOLUNTARILY ENTERED?

Appellant's Brief at 4. We note that the issues raised in what we have identified above as I(A) and II both raise for the first time a claim that Appellant's **PCRA counsel** was ineffective.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence

of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We defer to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before reviewing the merits of Appellant's issues, we must determine whether they are properly before us. We begin with Issues I(A) and II, each of which claims ineffectiveness of Appellant's PCRA counsel. Although Appellant did not raise an issue regarding his PCRA counsel in his PCRA petition, he had an opportunity to bring that issue before the PCRA court in response to the PCRA court's notice of an intent to dismiss his petition under Rule 907. The purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, **see Commonwealth v. Williams**, 566 Pa. 553, 782 A.2d 517, 526 (2001), the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." **Rykard,** 55 A.3d at 1189. The response to the Rule 907 notice "is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to 'discern the potential for amendment.'" **Id.** (quoting **Williams**, 782 A.2d at 527). The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level.

- 4 -

*Rykard*, 55 A.3d at 1189.   Accordingly, the Supreme Court has held in circumstances similar to those in this case that a failure to raise ineffectiveness of PCRA counsel in response to a Rule 907 notice waives that claim.   *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009).

Our review of the record confirms that Appellant failed to respond to the PCRA court's Rule 907 notice at any time before the court dismissed his petition.   Therefore, all of his issues concerning PCRA counsel's asserted ineffectiveness are waived.   Appellant may not raise those issues for the first time on appeal.   *See Commonwealth v. Smith*, 121 A.3d 1049, 1055-56 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016).   Accordingly, Issues I(A) and II in the "Statement of Questions Involved" in Appellant's Brief are waived.

As for Appellant's remaining claim of ineffective assistance of **trial counsel** – I(B) in Appellant's "Statement of Questions Involved" — we find that the issue also has not been preserved for our review.   That issue of trial counsel's ineffectiveness was not raised in Appellant's original PCRA petition, and neither he nor his PCRA counsel sought leave to add it by an amendment to that petition.   Appellant did file an unauthorized "Amended Petition" that asserted the ineffectiveness claim, but the Supreme Court of Pennsylvania has "condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver."   *Commonwealth v. Reid*, 99 A.3d

470, 484 (Pa. 2014) (finding claims raised in unauthorized supplemental petitions waived despite trial court entertaining and ruling on claims); *see also Commonwealth v. Elliott*, 80 A.3d 415, 430 (Pa. 2013) (holding that claim alleging trial counsel's ineffectiveness is waived because it wasn't included in PCRA Petition and PCRA court did not give permission to amend PCRA petition). Because Appellant did not include in his initial PCRA petition a claim of ineffective assistance of trial counsel, and because Appellant failed properly to seek the PCRA court's permission to amend his PCRA petition to add that claim, Appellant waived appellate review of this remaining ineffectiveness issue. *Id.*

As Appellant has failed to preserve any issues for our review, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judge Olson joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2016